IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-238-FL

| | | |
|---|---|---|
| DAVID C. DRUMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNETH J. BRAITHWAITE Secretary, Department of the Navy, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), (DE 6), and plaintiff's motion for relief from judgment (DE 12). The motion to dismiss has been briefed fully, and the time for response to plaintiff's motion has expired. In this posture, the issues raised are ripe for ruling. For the following reasons, defendants' motion is granted and plaintiff's motion is denied.

**STATEMENT OF THE CASE**

Plaintiff commenced this action on December 29, 2020, seeking enforcement of an order by the Equal Employment Opportunity Commission ("EEOC") regarding plaintiff's claims that defendant, his former employer, discriminated against him based on race and sex in violation of Title VII of the Civil Rights Act of 1964. Plaintiff attaches to his complaint excerpts of EEOC correspondence, decisions, and filings, related to his discrimination claims against defendant. Plaintiff seeks "all retroactive relief," including: 1) reinstatement in a position that he applied for prior to his retirement, in 2017, as an industrial engineering technician, or similar position; 2) back

pay, interest, and other benefits; and 3) sanctions for defendant "for its habitual failure to be timely and for the failure to act in good faith." (Compl. (DE 1) at 8-9, 17).[1]

On March 8, 2021, defendant filed the instant motion to dismiss for failure to state a claim on the basis that plaintiff's complaint is time barred. Defendant relies upon a request for reconsideration filed by plaintiff with the EEOC.

Plaintiff responded in opposition, on March 23, 2021, relying upon the following exhibits: 1) a United States Postal Service ("USPS") receipt; 2) excerpts of North Carolina General Statutes; 3) an order of the Chief Justice of the North Carolina Supreme Court dated July 20, 2020; 4) a Pitt County courthouse operations memorandum, dated December 11, 2020; and 5) a USPS tracking card. Defendant replied on April 6, 2021. Plaintiff filed the instant motion for relief from judgment on April 14, 2021, seeking relief from statute of limitations due to excusable neglect.

## STATEMENT OF FACTS

Plaintiff's complaint, and documents attached thereto, reference an initial alleged discriminatory action by defendant, followed by a lengthy period of administrative decisions and proceedings, culminating in a final EEOC decision on plaintiff's discrimination claims.

By way of summary, as background context for the instant motions, plaintiff alleges that at the time of events giving rise to his complaint, in 2013, plaintiff was working as an industrial engineering technician at the Fleet Readiness Center East at Cherry Point, North Carolina. (Compl. (DE 1) p. 2). He applied for, and was not selected for, a different industrial engineering

---

[1] Defendant filed a prior case in this district in 2015 against defendant, No. 4:15-CV-110-FL (E.D.N.C.), also asserting a claim under Title VII for race and sex discrimination due to non-selection for a different position in 2010, as well as a claim for retaliation. On September 15, 2016, the court granted summary judgment to defendant on the race and sex discrimination claims, and dismissed for lack of jurisdiction plaintiff's retaliation claim. Drummond v. Mabus, No. 4:15-CV-110-FL, 2016 WL 4921424, at *9 (E.D.N.C. Sept. 15, 2016), aff'd sub nom. Drummond v. Stackley, 687 F. App'x 277 (4th Cir. 2017).

2

technician position, "GS-11, NTE 5 years." (Id. p. 3). According to plaintiff, such non-selection was due to discrimination based on "race (African-American) and sex (male)." (Id.).

Although the complaint itself does not allege facts permitting an inference of discrimination, plaintiff attaches to the complaint a September 15, 2020, EEOC decision (hereinafter the "September 15, 2020, EEOC decision"), which states that an EEOC administrative judge "found discrimination," and that the EEOC determined plaintiff "was entitled to $559.77 in pecuniary, compensatory damages and $30,000 in nonpecuniary, compensatory damages." (Compl. Ex. 3 (DE 1-3) at 16).

Plaintiff alleges that an earlier EEOC decision awarded him broader relief against defendant, and he seeks enforcement of that earlier decision. (See Compl. (DE 1) at 1, 3-5). In particular, plaintiff points to a June 28, 2018, EEOC decision attached to the complaint (hereinafter, the "June 28, 2018, EEOC decision"), which states, inter alia, that defendant "shall offer [plaintiff] an Industrial Engineering Technician (GS-11), NTE 5 years, position, or a similar position, retroactive to April 11, 2013." (Id. at 6; Compl. Ex. 2 (DE 1-2) at 20).

According to plaintiff, defendant "ignored the opportunity and took no action to reinstate the plaintiff within the [120] days via a written job offer." (Id. at 7). Plaintiff attaches to the complaint correspondence from the EEOC, dated September 17, 2019, which states that "[t]he position was no longer available for [defendant] to offer," and that defendant "did, however, calculate monies owed to [plaintiff] by processing a retroactive promotion effective April 11, 2013 continuing through the date of [plaintiff's] retirement, December 31, 2017." (Compl. Ex. 1 (DE 1-1) at 13).

3

Plaintiff moved for reconsideration of this determination, with the EEOC, and excerpts of that motion are attached to the complaint. (Compl. Ex. 1 (DE 1-1).[2] In its final September 15, 2020, decision, EEOC confirms compensatory damages awarded to plaintiff. (Compl. Ex. 2 (DE 1-2) at 13). With respect to plaintiff's request for additional relief, EEOC explains:

> In its reports to the assigned EEOC compliance officer, [defendant] established that it retroactively promoted [plaintiff] to the position on April 11, 2013, through [plaintiff's] retirement on December 31, 2017, provided a back pay award for that period. The position in question expired April 11, 2018, and was no longer available and [plaintiff] voluntarily retired at the age of 60, after a lengthy career in the military and serving 17 years as a civilian. We find that he retired with the intention that he would not be returning to work full-time in government. Therefore, [defendant] is not required to compensate him for the differential in salary beyond his retirement.

(Id. at 11).

The September 15, 2020, EEOC decision states that plaintiff "has the right to file a civil action to enforce compliance with [an] EEOC order," and alternately "has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled 'Right to File a Civil Action.'" (Compl. Ex. 3 (DE 1-3) at 16). It states, further, that "[a] civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c)." (Id.). In addition, it states: "You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision." (Id.) (emphasis in original).

## COURT'S DISCUSSION

A.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

---

[2] Defendant also attaches a copy of a corresponding March 6, 2020, request for reconsideration filed by plaintiff with the EEOC. (DE 7-1).

4

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (quotations omitted).

B.  Analysis

Defendant argues that plaintiff's action must be dismissed as time barred. Title VII provides a time limit for suits brought by persons aggrieved by the final disposition of a discrimination complaint: "Within 90 days of receipt of notice of final action taken by [an employing agency] or by the [EEOC] upon an appeal from a decision or order of such [employing agency] on a complaint of discrimination," an employee "aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action." 42 U.S.C. § 2000e-16(c).

A claim is time barred if the complaint is not filed within this time limit. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990). "The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). "[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). In

this manner, the United States Court of Appeals has held a claim time barred when filed merely one day past the 90 day deadline. Harvey, 813 F.2d at 654.

Nevertheless, "[t]itle VII's timely filing requirements are not jurisdictional." Davis v. N. Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)); see Irwin, 498 U.S. at 95. Rather, they are requirements "that, like a statute of limitations, [are] subject to waiver, estoppel, and equitable tolling." Chacko v. Patuxent Inst., 429 F.3d 505, 513 n.5 (4th Cir. 2005) (quoting Zipes, 455 U.S. at 393); see Irwin, 498 U.S. at 95-96. "[D]istrict courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." Harvey, 813 F.2d at 654.

In this case, the September 15, 2020, EEOC decision provided notice to plaintiff of the right to file a civil action on plaintiff's underlying discrimination complaint. (Compl. Ex. 3 (DE 1-3) at 13-16). Plaintiff does not allege specifically in the complaint the date he received this notice. (See Compl. (DE 1) at 1-2 (describing notice of right to file a civil action)). It is incumbent upon "a plaintiff in a civil action under Title VII [to] allege . . . filing of a timely charge of discrimination with the Equal Opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue." Davis v. N. Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995) (emphasis added). Absent a specific allegation of date of its receipt, the court presumes plaintiff received the notice on September 21, 2020.[3]

---

[3] In Baldwin, the Supreme Court "presumed . . . receipt of the notice" three days after it was issued. 466 U.S. at 148 n.1 (citing Fed. R. Civ. P. 6(e) (1984)). Some courts have applied a "more generous five-day presumption," where the notice itself includes a certificate of mailing specifying a five day presumptive date. See, e.g., Ruiz v. Vilsack, 763 F. Supp. 2d 168, 171 (D.D.C. 2011). Here, where the notice includes such a certificate, the court applies a more generous five-day presumption. (See Compl. Ex. 3 (DE 1-3) at 13). In addition, the fifth day, September 20, 2020, was a Sunday; accordingly, the court presumes receipt on the next business day, September 21, 2020. See Fed. R. Civ. P. 6(a)(1)(C). The court notes this is also the date plaintiff states in his briefing that he "actually received" the notice. (Pl's Opp. (DE 10) at 2).

Accordingly, plaintiff's complaint was required to be filed within ninety days of September 21, 2020. See 42 U.S.C. § 2000e-16(c). Where that date, December 20, 2020, falls on a Sunday, the required filing date was Monday, December 21, 2020. See Fed. R. Civ. P. 6(a)(1)(C). Plaintiff, however, filed the instant complaint on December 29, 2020, eight days later. Therefore, plaintiff's complaint was untimely filed.

Anticipating this result, plaintiff suggests that the 90 day time period should be equitably tolled. "Federal courts have typically extended equitable relief only sparingly." Irwin, 498 U.S. at 96. Courts "have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. Courts have also allowed equitable tolling where "the court has led the plaintiff to believe that [he] had done everything required of [him]." Baldwin, 466 U.S. at 151. Courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin, 498 U.S. at 96.

"[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotations omitted). "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. (quotations omitted). "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond [the plaintiff's] control prevented him from complying with the statutory time limit." Id. (quotations omitted).

Here, plaintiff has not demonstrated an exercise of due diligence or extraordinary circumstances beyond his control satisfying the high bar for equitable tolling. He has not alleged any circumstances that have been recognized in the law as a basis of equitable tolling. For example, he has not alleged that he was misled by information provided by defendant or this court about the requisite filing deadline. He has not alleged active pursuit of his judicial remedies during the filing period.

Plaintiff argues that his late filing should be excused because of an order by the Chief Justice of the North Carolina Supreme Court, which includes the following "Emergency Directive 15":

> To further minimize foot traffic in the courthouses, attorneys and litigants are encouraged to submit filings by mail to the greatest extent possible. Beginning 1 June 2020, pleadings and other documents delivered by the United States Postal Service to the clerk of superior court shall be deemed timely filed if received within five business days of the date the filing is due.

(Pl's Opp. Ex. 3 (DE 10-3) at 4). Based on this directive, plaintiff suggests that his timely filing date should be considered five business days later, on December 29, 2020. This argument is unavailing, however, because an order extending filing deadlines by the Chief Justice of the North Carolina Supreme Court does not have any impact upon the filing deadlines in the federal courts. See U.S. Const. Art. VI, cl. 2; Arizona v. United States, 567 U.S. 387, 399 (2012).

Plaintiff suggests more generally, in his opposition and in his motion, that the filing deadline should be tolled because of safety issues posed by the COVID-19 pandemic. This court, however, was open for business on the filing deadline, December 21, 2020, and plaintiff has not pointed to any extraordinary circumstances that prevented plaintiff from filing his complaint on or before that deadline.

Plaintiff also argues that the concept of "excusable neglect," embodied in Rule 6(b)(1)(B), should apply to excuse plaintiff's late filing. (Pl's Mot. for Relief (DE 12) at 3-4). As an initial

matter, equitable tolling does not turn on the excusable neglect standard embodied in Rule 6. Rather, it is an exception to the statutory deadline to be applied "only sparingly." Irwin, 498 U.S. at 96; see Baldwin, 466 U.S. at 152 (holding that "absence of prejudice" is not an independent basis for invoking the doctrine" of equitable tolling). In any event, plaintiff has not demonstrated excusable neglect, where he does not allege specific reasons or impediments to bringing his action during the 90 day filing period.

Finally, plaintiff appeals "for leniency" of the court, noting that he has not demonstrated a pattern or practice of untimely behavior, whereas defendant was delayed during the course of eight years of administrative proceedings. (Pl's Mot. for Relief (DE 12) at 4). Plaintiff contends he has "finally fallen victim to the pressures of litigation." (Id.). The United States Supreme Court has directed, however, that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin, 466 U.S. at 152. In order to "guarantee . . . evenhanded administration of the law," the court must adhere to the statutory filing deadline under the circumstances alleged in this case. Id.

In sum, plaintiff's complaint is time barred. Therefore, defendant's motion to dismiss must be granted and plaintiff's motion for relief must be denied.

**CONCLUSION**

Based on the foregoing, defendants' motion to dismiss (DE 6) is GRANTED, and plaintiff's motion for relief from judgment (DE 12) is DENIED. Plaintiff's complaint is DISMISSED as time barred. The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of June, 2021.

                                                                LOUISE W. FLANAGAN
                                                                United States District Judge